Sarah Lynn Piper
350 Deauville Street
Las Vegas, Nevada 89106
Telephone: (702) 355-9095
E-Mail: DooneyChick@gmail.com
In Proper Person

RECEIVED
MRB AND FILED

2018 AUG 31 PM 3 27

U.S. ... COURT
... CLERK

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re: | Case No. BK-S-18-10115-MKN |
|---|---|
| SARAH PIPER, | Chapter 7 |
| Debtor. | **MOTION TO STRIKE OBJECTION TO DISCHARGE WITH PREJUDICE** |
| | Hearing Date: October 3, 2018<br>Hearing Time: 9:30 a.m. |

Sarah Lynn Piper ("Debtor"), appearing In Proper Person for the limited purpose of filing this motion to strike, hereby files this Motion To Strike Objection To Discharge With Prejudice ("Motion"). This Motion is made and based upon Local Rule 9014 and 11 U.S.C. §523, the Declaration of Sarah Piper, the Motion To Dismiss Adversary Action With Prejudice ("Adversary Motion") and related filings filed in the adversary case by Adam K. Peterson ("Peterson") against the Debtor in Adversary Case No. 18-01049-mkn, the Points and Authorities set forth herein, and the pleadings and documents filed in this case.

As set forth in this Motion, the Debtor respectfully requests that this Court strike, with prejudice, the Objection To Discharge [ECF No. 23] filed by Peterson since it was improperly filed pursuant to 11 U.S.C. § 523(c) and not properly noticed pursuant to Local Rule 9014.

## POINTS AND AUTHORITIES

### Facts

1. On or about January 11, 2018, the Debtor filed for relief under Chapter 7 of the United States Bankruptcy Code.

2. Peterson was listed as a creditor on the Debtor's Voluntary Petition [ECF No. 1]. See Page 8 of the Voluntary Petition.

3. On or about January 14, 2018, a copy of the notice of Meeting Of Creditors And

- 1 -

1. Notice Of Appointment Of Trustee [ECF No. 5] ("341 Notice") was mailed to Peterson by the BNC.  See ECF No. 10, BNC Certificate Of Mailing.

4. The 341 Notice provided notice of the deadline to file a complaint to object to discharge or to challenge whether certain debts are dischargeable under 11 U.S.C. § 727(a)(2) through (7) or 11 U.S.C. § 523(a)(2), (4), or (6) or file a motion if the assertion that the discharge should be denied under 11 U.S.C. § 727(a)(8) or (9).  The deadline was set for April 9, 2018 ("Complaint Deadline").

5. On or about January 25, 2018, the Debtor filed amended schedules, including Schedule E/F, listing Peterson as an unsecured creditor [ECF No. 14] ("Amended Schedules") See Page 15 of the Amended Schedules.

6. On or about April 6, 2018, Peterson filed an Objection To Discharge [ECF No. 23] ("Objection")

7. To date, Peterson has not filed a Notice of Hearing setting forth a hearing date regarding the Objection, nor has he filed a Certificate of Service regarding the Objection.

8. Debtor was not served with a copy of the Objection.  See Declaration Of Sarah Piper.

9. Peterson filed an adversary proceeding against Debtor on May 7, 2018, being Adversary Case No. 18-01049-MKN.  The originating document was also entitled Objection to Discharge, and appears to be a duplicate filing of the Objection filed in this case.

## Memorandum of Law

**A.  Allegations Made Pursuant To 11 U.S.C. § 523(a)(6) Require Resolution Through An Adversary Proceeding**

11 U.S.C. § 523(c) provides:

> (c)(1) Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

§ 523(c) provides that debts listed in (a)(2), (a)(4) or (a)(6) shall be discharged, unless, on request

- 2 -

of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge. Therefore, § 523 requires creditors to take affirmative steps to obtain a denial of discharge of debts listed in § 523(a)(2), (a)(4) and (a)(6). The procedure for doing so is the filing of a timely adversary complaint in the bankruptcy court. By filing his objection in this case and not timely filing an adversary action, the Peterson has failed to file a timely complaint.

**B.    Peterson Has Not Provided Any Evidence Of The Allegations Made Pursuant To 11 U.S.C. (§ 523(a)(6)**

11 U.S.C. § 523(a)(6) provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

Even if the Objection were properly filed in this case, Peterson has made allegations that Debtor caused willful and malicious injury to him or his property. The burden of proof to substantiate that the Debtor acted in a "willful and malicious" way is solely on Peterson. However, Peterson only offers unsubstantiated arguments that do not provide any evidence to support his allegations. Peterson's allegations were not made under penalties of perjury and he has not presented any documents or exhibits, let alone any authenticated documents or exhibits supporting his allegations. Accordingly, the allegations made in Peterson's Objection should not be considered factual or authenticated statements made under penalties of perjury and the proper weight as to their value should be considered accordingly.

**C.    Peterson Failed To Set Objection For Hearing And Failed To Provide Proper Notice Of The Objection Pursuant To Local Rule 9014**

Local Rule 9014 provides:

> (a) Hearings and Court calendars.
>
> (1)    All motions which are required to be set for hearing, whether by statute, rule, or court order, shall be set so that at least twenty-eight (28) days' notice of the hearing of the motion is given.

....

(b) Notice of hearing and service of motion and notice.

(1) The movant must obtain a hearing date, and the notice of hearing must be filed concurrently with the motion and must, in addition to the requirements of Fed. R. Bankr. P. 2002(c), include the following:

(A) The date, time, and place of the hearing;

(B) A brief description of the relief sought;

(C) A statement of the time for filing and serving objections or oppositions in accordance with LR 9014(d); and,

(D) This statement:

"If you object to the relief requested, you must file a WRITTEN response to this pleading with the court. You must also serve your written response on the person who sent you this notice.

If you do not file a written response with the court, or if you do not serve your written response on the person who sent you this notice, then:

The court may refuse to allow you to speak at the scheduled hearing; and,

The court may rule against you without formally calling the matter at the hearing."

(i) Individuals representing themselves are not exempt from this rule.

(ii) To ensure compliance with this rule, the court may deny any motion or request for an order that does not contain the above notice.

(F) The notice of hearing must be filed as a separate document from the associated motion or application.

(2) Service of the motion and notice of it must be made in accordance with these rules and the Federal Rules of Bankruptcy Procedure.

(A) The proof of service must show the date and manner of service and the name of the person served. Proof of service may be by written acknowledgment of service or certificate of the person who made service. The court may decline to take action on any papers until proper proof of service is filed. The notice and accompanying proof of service must be filed not more than seven (7) days after the motion is filed.

....

(c) Contents of motion; affidavits and declarations. See LR 7032 and LR 9017.

(1) The motion must state the facts on which it is based and must contain a legal memorandum. If factual issues are contested, the court will not grant the contested relief unless admissible evidence is offered in support of the relief requested.

(2) If affidavits or declarations are submitted, they must be filed separately, and they must reference the underlying motion or paper. Affidavits and declarations failing to comply substantially with all of the requirements of subsection (c) of this rule may be stricken in whole or in part on the request of an opposing party or on the court's initiative. Affidavits and declarations must be made under penalty of

perjury and must:

(A) Identify the affiant or declarant, the party on whose behalf the affidavit or declaration is submitted, and the motion to which is pertains;

(B) Contain only nonhearsay factual evidentiary matter or expert opinion, conform as far as possible to the requirements of Fed. R. Civ. P. 56(e), and avoid mere general conclusions or arguments.

(C) Identify and authenticate documents and exhibits offered in support of the motion or opposition, unless the documents are already authenticated in the record or have been previously admitted into evidence by the court and are specifically referred to and identified in the motion or opposition; ...

Peterson filed the Objection on April 6, 2018, but failed to: 1) request a hearing date from the Court as set forth in Local Rule 9014(b)(1); 2) file a Notice of Hearing concurrently with the Objection as set forth in Local Rule 9014(b)(1); 3) serve a Notice of Hearing as set forth in Local Rule 9014 and the Federal Rules of Bankruptcy Procedure; and 4) provide proof of service as set forth in Local Rule 9014(b)(2).

## CONCLUSION

Based upon the foregoing, the Debtor requests that this Court grant this Motion To Strike Objection To Discharge With Prejudice. In addition, Debtor requests a waiver of LR 9021(b)(1). A copy of the proposed Order Regarding Motion To Strike Objection With Prejudice is attached hereto as **Exhibit 1**.

Dated this 31st day of August, 2018.

_____
Sarah Lynn Piper
350 Deauville Street
Las Vegas, Nevada 89106
Telephone: (702) 355-9095
E-Mail: DooneyChick@gmail.com
In Proper Person

## CERTIFICATE OF SERVICE

I caused foregoing Motion To Strike Objection To Discharge With Prejudice on August 31, 2018, by the following means by First Class United States Mail, postage fully prepaid to:

Adam K. Peterson
3517 Perching Bird Lane
North Las Vegas, Nevada 89084

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated this 31st day of August, 2018.

_____
Sarah Lynn Piper

# EXHIBIT 1

Sarah Lynn Piper
350 Deauville Street
Las Vegas, Nevada 89106
Telephone: (702) 355-9095
E-Mail: DooneyChick@gmail.com
In Proper Person

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| In re: | Case No. BK-S-18-10115-MKN |
|---|---|
| SARAH PIPER, | Chapter 7 |
| Debtor. | **ORDER REGARDING MOTION TO STRIKE OBJECTION TO DISCHARGE WITH PREJUDICE** |
| | Hearing Date: October 3, 2018<br>Hearing Time: 9:30 a.m. |

The Motion To Strike Objection To Discharge With Prejudice ("Motion")[1] having come before this Court for decision on October 3, 2018; Sarah Piper, Defendant appearing In Proper Person, all other appearances having been made on the record; the Court having made its findings of fact and conclusions of law on the record which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052; and good and sufficient cause appearing therefore, it is hereby

**ORDERED** that the Motion To Strike Objection To Discharge With Prejudice is **GRANTED**; and it is further

/ / /

---

[1] Unless otherwise defined herein, all capitalized terms have the meanings ascribed them in the Motion.

**ORDERED** that the Objection To Discharge [ECF No. 23] is hereby dismissed with prejudice and all hearings and deadlines related to this matter are vacated.

Submitted by:                                                      APPROVED/DISAPPROVED

_____     _____
Sarah Lynn Piper                                          Adam K. Peterson
350 Deauville Street                                    3517 Perching Bird Lane
Las Vegas, Nevada 89106                        North Las Vegas, Nevada 89084
Telephone: (702) 355-9095                      Telephone: 702-742-2628
E-Mail: DooneyChick@gmail.com              Email: APLV@ProtonMail.com
Defendant In Proper Person                       Plaintiff In Proper Person

## RULE 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the Order accurately reflects the court's ruling and that (check one):

☐     The court has waived the requirement set forth in LR 9021 (b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☐     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated above.

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

_____
Sarah Piper

### #